IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN D. HARRINGTON, et al.,           :

    Plaintiffs,                    :       Case No. 2:05-CV-249

  v.                                  :       Judge Holschuh

OHIO WESLEYAN UNIVERSITY,              :       Magistrate Judge Kemp

    Defendant.                     :

                                                                             :

**MEMORANDUM OPINION & ORDER**

Plaintiffs John and Teresa Harrington, and their disabled daughter Carolyn, filed suit against Ohio Wesleyan University after Teresa fell in a parking lot during a campus tour conducted during a rainstorm.  This matter is currently before the Court on Defendant's motions to strike John's and Teresa's affidavits.  (Record at 42, 43).  Defendant contends that those affidavits, submitted in response to Defendant's motion for summary judgment, are inconsistent with, and contradict, Plaintiffs' earlier deposition testimony.

In Reid v. Sears, Roebuck & Co., 790 F.2d 453, 460 (6th Cir. 1986), the Sixth Circuit held that, after a motion for summary judgment has been made, a party may not create a genuine issue of material fact by filing an affidavit that contradicts earlier deposition testimony.  In Aerel, S.R.L. v. PCC Airfoils, LLC, 448 F.3d 899 (6th Cir. 2006), the Sixth Circuit clarified that the court:

> must first determine whether the affidavit directly contradicts the
> nonmoving party's prior sworn testimony.  A directly
> contradictory affidavit should be stricken unless the party opposing
> summary judgment provides a persuasive justification for the
> contradiction.  If, on the other hand, there is no direct
> contradiction, then the district court should not strike or disregard

>   the affidavit unless the court determines that the affidavit
>   "constitutes an attempt to create a sham fact issue."

Id. at 908 (internal citations and quotations omitted). With these principles in mind, the Court turns to the pending motions. At issue is whether John and Teresa Harrington knew, at the time Teresa fell, that they were walking across a parking lot, and whether Teresa would have been able to detect the pothole had she been looking down as they were walking from the Gymnasium to the dormitories.

### I. John Harrington's Affidavit

Defendant contests the admissibility of paragraphs 16, 17, and 19 of John Harrington's affidavit. Paragraphs 16 and 17 read as follows:

>   16. At this time, Teresa and I had no idea where we were or where the residential buildings were in relation to the Gymnasium. . . we did not know that we would be taking a short cut through what we later found out was a parking lot/roadway to the dormitories. . . Up until this time, we never cut through any parking lots or streets. . . Brendan [the tour guide] . . . led us to the parking lot/roadway in front of the Gymnasium by proceeding between the lamppost and the tree. . . Although this [sic] photographs show several parked cars, at the time of the accident, no cars were parked anywhere in front of the Gymnasium.
>
>   17. A few seconds later, as we were walking through what I later learned was this parking lot/roadway in front of the Gymnasium, I saw Teresa stumble in front of me and saw her right foot slide into something which caused her to fall forward. I tried to reach out to her but she and Carolyn quickly went down to the ground. I later found out this something was a hole full of water. Both Teresa and Carolyn were lying in water on the ground completely wet. It was immediately after the accident, when I went to get our car to follow the ambulance to the hospital, that I noticed many holes covered with water in that parking lot/roadway area where Teresa fell.

John Harrington Aff. ¶¶ 16-17; Ex. to Mem. in Opp'n to Mot. Summ. J.

According to Defendant, Harrington's statement -- that, at the time Teresa fell, he did not know that they were walking through a parking lot -- contradicts his earlier deposition testimony. At his deposition, John Harrington testified that "[w]hen you first came out from the steps [of the Gymnasium], there was a sidewalk, an area – I guess a pull up area or place that cars can pull up and drop people off, I guess, and then there was a parking lot afterwards. John Harrington Dep. at 62.

The Court agrees with Plaintiffs that there is no direct contradiction here. At his deposition, Harrington was describing what had happened on the day of the accident. By the date of his deposition, he knew that the area where Teresa fell was, in fact, a parking lot so it made sense to refer to it as such. The fact that he referred to this area as a parking lot during his deposition does not mean that, at the time of the accident, he realized it was a parking lot.

Shortly thereafter, however, Harrington testified as follows:

> Q. So what happened next?  I guess, you don't follow a sidewalk area the entire time outside of the gym, is that correct?
> A. That's correct.
> Q. How did that come about?  Did Brendan – was it apparent to you that Brendan was leading the way and he was cutting through the parking lot?
> A. That's correct.

John Harrington Dep. at 65. Because Harrington was responding to a compound question, it is not clear that he was agreeing that it was apparent *at that time* that Brendan was cutting through a parking lot. Harrington's testimony could also be construed to mean that it was apparent to Harrington that Brendan was leading the way across a particular area of campus which Harrington now knows was a parking lot. Because the Court finds that Harrington's affidavit does not directly contradict his earlier deposition testimony, and does not constitute an attempt to

3

create a sham fact issue, the Court denies Defendant's motion to strike paragraphs 16 and 17 from the affidavit.

Defendant also urges the Court to strike paragraph 19 of John's Harrington's affidavit, which reads, in part, as follows:

> 19. The area where Teresa fell was covered with water. Holes were not visible due to the heavy rain.

John Harrington Aff. ¶ 19; Ex. to Mem. in Opp'n to Mot. Summ. J.  Defendant contends that Harrington's statement, that "'[h]oles were not visible due to the heavy rain," contradicts his earlier deposition testimony.  At his deposition, Harrington testified that when he went back to get his car to go to the hospital, he noticed that there were "a lot of holes" and "problems with the roadway."  John Harrington Dep. at 82.

Plaintiffs argue, and the Court agrees, that this testimony is not contradictory because while the affidavit refers to the immediate area where Teresa fell, the deposition testimony refers to the parking lot in general.  Harrington was not asked at his deposition whether the hole that Teresa fell into was visible, but he did testify that it was "full of water."  Id. at 80.  The Court finds that paragraph 19 of Harrington's affidavit does not directly contradict his earlier deposition testimony and does not constitute an attempt to create a sham fact issue.  It therefore denies Defendant's motion to strike paragraph 19.

## II. Teresa Harrington's Affidavit

Defendant also objects to paragraphs 20 and 21 of Teresa Harrington's affidavit. Paragraph 20 states, "[i]mmediately before my fall, I did not see any cars or even know we were walking in a parking lot or roadway."  At her deposition, however, when asked if she had "any reluctance about following Brendan through a parking lot," she testified that she did not.  She also

denied that she saw any condition in the "parking lot" that would cause concern.  Teresa Harrington Dep. at 77-78.  Defendant claims that these statements contradict the affidavit.

For the same reasons discussed earlier, the Court rejects this argument.  Because Teresa Harrington knew, at the time of her deposition, that the area where she had fallen was a parking lot, there was no reason for her to object to the attorney's characterization of it as such.  Under these circumstances, her affidavit cannot be construed as contradicting her deposition testimony.  At no point during her deposition was she asked whether, when the fall occurred, she knew that she was walking across a parking lot.  Finding no reason to believe that Teresa Harrington is attempting to create a sham issue of fact, the Court denies Defendant's motion to strike paragraph 20 of her affidavit.

Paragraph 21 of her affidavit states, "[h]ad I been looking down immediately before my fall, I know I would have not seen, recognized, or appreciated the condition of the surface." Defendant argues that this contradicts Teresa's deposition testimony.  When asked at her deposition whether, if she had been looking down at the moment she fell, she could have seen the gravel, she answered "I don't know."  When asked why she didn't know, she stated, "[b]ecause of the rain."  Teresa Harrington Dep. at 79.

In the Court's view, paragraph 21 of Teresa Harrington's affidavit does directly contradict this earlier deposition testimony.  She previously testified that even if she was looking down at the time she fell, she *did not know* whether she could have seen the gravel since it was raining.  However, in her affidavit, she states that even if she was looking down at the time she fell, she *knows* she would not have noticed the condition of the surface.  Plaintiffs have failed to provide any persuasive justification for this contradiction.  The Court, therefore, grants Defendant's

5

motion to strike paragraph 21 of the affidavit.

### III.    Issues Common to Both Affidavits

Defendant also argues that the entire remainder of John and Teresa Harrington's affidavits should be stricken from the record as irrelevant because they address issues, such as damages, which are unrelated to the arguments raised in the motion for summary judgment.  Defendant also argues that since Plaintiffs were deposed on the same subject matter, this additional testimony should be stricken as cumulative.

Clearly, there is no basis for striking the remainder of the affidavits.  The portions that are irrelevant to the issues raised in Defendant's motion for summary judgment simply will not be considered in connection with the motion.  Moreover, the question of whether certain evidence is cumulative has no relevance at this stage of the proceedings.

### IV.    Conclusion

For the reasons stated above, Defendant's motion to strike John Harrington's affidavit (Record at 42) is **DENIED**.  Defendant's motion to strike Teresa Harrington's affidavit (Record at 43) is **GRANTED IN PART and DENIED IN PART**.  The Court strikes the first sentence of paragraph 21 of her affidavit because it directly contradicts her earlier deposition testimony.

**IT IS SO ORDERED.**

Date: August 21, 2007                                **/s/ John D. Holschuh**
                                                     John D. Holschuh, Judge
                                                     United States District Court