IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA D. HARRINGTON, et al., | : | |
| Plaintiffs, | : | Case No. 2:05-cv-249 |
| v. | : | Judge Holschuh |
| OHIO WESLEYAN UNIVERSITY, | : | Magistrate Judge Kemp |
| Defendant. | : | |
| | : | |

MEMORANDUM OPINION & ORDER

Plaintiffs Teresa, John, and Carolyn Harrington ("Plaintiffs") brought this negligence action against Defendant Ohio Wesleyan University ("Defendant") to recover damages for injuries Teresa Harrington suffered when she fell in a parking lot on Defendant's campus during a campus tour. This matter is currently before the Court on Defendant's Motion for Reconsideration. (R. at 69.) For the following reasons, this Motion is **DENIED**.

I.      Background

The factual background relating to this case is set forth in this Court's Memorandum Opinion & Order (the "Opinion") granting in part and denying in part Defendant's Motion for Summary Judgment. (November 1, 2007, R. at 65.) That Opinion granted summary judgment to Defendant as to Plaintiffs' premises liability claim on the ground that Plaintiffs had not demonstrated that a genuine issue of material fact existed as to Defendant's notice of the existence of the pothole in which Plaintiff Teresa Harrington fell. (Id. at p. 10-12.) The Court, however, denied Defendant summary judgment as to Plaintiffs' active negligence claim on the ground that Defendant had not carried its initial burden of showing that no genuine issue of material fact existed. (Id. at p. 13-16.)

On November 28, 2007, Defendant filed a Motion for Reconsideration of the Opinion, arguing that reconsideration is necessary to correct an erroneous application of law and to prevent manifest injustice.  (R. at 69.)  Plaintiffs timely responded on December 19, 2007 (R. at 70), and Defendant replied on January 7, 2008.  (R. at 74.)  Additionally, Defendant has moved this Court for oral argument on its Motion for Reconsideration (R. at 76).  These issues are now ripe for adjudication.

## II.    Standard Governing Motions for Reconsideration of Interlocutory Orders

"District courts have authority both under common law and [Federal Rule of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."  Rodriguez v. Tennessee Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004) (unpublished).  Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  FED. R. CIV. P. 54(b).  Additionally, "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.  A district court may modify, or even rescind, such interlocutory orders."  Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991) (internal citations omitted); see also Leelanau Wine Cellars Ltd. v. Black & Red, Inc., 118 F. App'x 942, 945-46 (6th Cir. 2004) (unpublished) (partial grant of summary judgment remains an interlocutory order).

The Court has "significant discretion" in considering a motion to reconsider an interlocutory order.  Rodriguez, 89 F. App'x at 959 n. 7.  Motions for reconsideration are not intended to be

utilized to re-litigate issues previously considered.  Macdermid Inc. v. Electrochemicals Inc., Nos.

96-3995, 96-4072, 142 F.3d 435 (Table), 1998 WL 165137, * 6 n. 7 (6th Cir. 1998) (unpublished).

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1)

an intervening change of controlling law; (2) new evidence available; or (3) a need to corect a clear

error or prevent manifest injustice."  Id. at 959.

### III.      Analysis

As an initial matter, the Court does not find that the issues involved in this Motion are of

great public importance, nor are they complex enough to warrant oral argument.  See S.D. OH. CIV.

R. 7.1(b)(2).  Oral argument is not "essential to the fair resolution of the case," id., and thus the

Court denies Defendant's request for oral argument.  (R. at 76.)

Defendant moves this Court to reconsider two aspects of the Opinion, which the Court will

consider in turn.  First, Defendant asks the Court to reconsider its ruling that genuine issues of

material fact exists as to Plaintiffs' active negligence claim.  (Def. Mot. Recons. p. 1, R. at 69.)

Defendant does not argue that there has been an intervening change in law, or that new evidence is

available.  Rather, Defendant asserts that this Court committed a clear error of law which led to a

manifestly unjust result when it "applied" or used Defendant's arguments regarding the "open and

obvious" doctrine from Ohio premises liability law in denying summary judgment on Plaintiffs'

active negligence claim.  (Id. at p. 2-5.)  Defendant also asserts that this Court erroneously applied

an Ohio case, Simmons v. American Pacific Enterprises, LLC, 164 Ohio App. 3d 763, 843 N.E.2d

1271 (10 Dist. 2005).

Defendant's arguments are not persuasive, and do not establish the existence of clear error

or manifest injustice.  This Court did not "apply" the open and obvious doctrine in its Opinion.

3

Rather, the Court held that Defendant's Motion for Summary Judgment, which entirely ignored Plaintiffs' active negligence claim, did not satisfy Defendant's initial summary judgment burden to show the absence of a genuine issue of material fact.  (Opinion p. 13, 16, R. at 65.)  Defendant's Memorandum in Reply, although it did address Plaintiff's active negligence claim, similarly did not carry Defendant's initial summary judgment burden.  The Court did indeed discuss Defendant's open and obvious argument in its Opinion.  But the Court in no way "applied" the open and obvious doctrine to the claims at issue.  Instead, the Court simply explained that Defendant's arguments concerning the open and obvious doctrine illustrated that Defendant could not satisfy its initial burden of showing the absence of a genuine issue of material fact, particularly in light of the fact that Defendant did not discuss Plaintiffs' active negligence claim in Defendant's Motion for Summary Judgment.  (Id. at p. 16.)  Defendant has not established the existence of clear error or a manifest injustice on these grounds.

Likewise, Defendant has not established that this Court erroneously applied Simmons. Defendant argues that the facts of Simmons are inapposite to those in the instant case because the employee in Simmons created a property defect, while none of Defendant's employees created the pothole in question.  (Def. Mot. Recons. p. 4, R. at 69.)  Defendant argues that Simmons only recognizes an active negligence claim where an employee creates a property defect immediately before the accident, and the injured party had not choice but to encounter the condition.  (Id.; Def. Reply p. 3.)  Defendant, however, reads Simmons too narrowly.  The Simmons court did not limit active negligence claims only to instances in which an employee creates a property defect, but rather recognized that active negligence claims can arise from situations in which an employee's conduct may have been negligent.  Whether that conduct involved creating a property defect is not

4

controlling, as other forms of an employee's negligent conduct can support an active negligence claim.  Specifically, in this case there exists a genuine issue of material fact as to whether the actions of Defendant's tour guide created a risk of harm through his allegedly negligent decision to lead the group across the parking lot.

The cases that Defendant relies on, Routzahn v. Garrison, No. 21190, 2006 WL 1984498 (Ohio App. 2d Dist. July 14, 2006) and Black v. Discount Drug Mart, Inc., No. E-06-044, 2007 WL 1229282 (Ohio App. 6th Dist. April 27, 2007), do not support Defendant's narrow reading of Simmons.  The courts in both Routzahn and Black noted that their decisions not to allow a Simmons active negligence claim were limited to "the specific facts of the case[s]," Routzahn, 2006 WL at *6; Black, 2007 WL at *3, and did not broadly interpret Simmons to only allow active negligence claims when an employee creates a property defect shortly before an individual is forced to encounter it.  The Court declines to reconsider its Opinion on this ground.

Second, Defendant moves the Court "to consider and apply the doctrines of assumption of the risk, proximate cause, and contributory fault to the Plaintiffs' active negligence claim."  (Def. Mot. Recons. p. 5, R. at 69.)  The Court agrees with Plaintiffs that Defendant is simply attempting to litigate issues that could have been presented on its initial Motion for Summary Judgment.  (Pl. Mem. Opp'n p. 3, R. at 70.)  As noted above, Defendant's Motion for Summary Judgment did not discuss Plaintiffs' active negligence claim, but rather focused on Planitffs' premises liability claim. Defendant could have presented arguments concerning assumption of the risk, proximate cause, and contributory fault as to Plaintiffs' active negligence claim on its initial Motion for Summary Judgment, but chose not to.  Defendant's belated attempt to have the Court consider these arguments does not fall within any of the recognized justifications for reconsidering an interlocutory order -

Defendant has not identified a change in the controlling law, the existence of new evidence, or the presence of clear error or manifest injustice.  The Court declines to reconsider its Opinion on this ground as well.

## IV.    Conclusion

For the reasons stated above, the Court **DENIES** Defendant's Motion for Reconsideration. (R. at 69.)  Defendant's request for oral argument (R. at 76) is also **DENIED**.

**IT IS SO ORDERED.**


Date: January 16, 2008                                       **/s/ John D. Holschuh**
                                                             John D. Holschuh, Judge
                                                             United States District Court